Mike GREGORYK, Respondent,

v.

**SAFETY RESPONSIBILITY DIVISION OF the HIGHWAY DEPARTMENT, Bismarck, North Dakota, Appellant.**

No. 8001.

Supreme Court of North Dakota.

Oct. 29, 1964.

Helgi Johanneson, Atty. Gen., Jon R. Kerian, Sp. Asst. Atty. Gen., Bismarck, for appellants.

John E. Williams, Washburn, for respondent.

PER CURIAM.

This is an appeal from a judgment of the District Court of McLean County setting aside an order of the Director of the Safety Responsibility Division of the Highway Department as agent of the Highway Commissioner, cancelling the motor vehicle driving license of the respondent.

As stated by appellant, the sole issue here is whether the failure of the holder of a motor vehicle license to pass a driver's license test which he has been required to take by order of the Director of Safety Responsibility is a cause for a mandatory revocation of the license, so that no appeal from the order of revocation can be had to the District Court.

In this case the holder of a motor vehicle driver's license, after being involved in a minor motor vehicle accident, was ordered by the Director of Safety Responsibility to take a driver's test. According to the report of the State Highway Patrolman who gave the test, the respondent failed to pass. Thereupon the Director of Safety Responsibility ordered respondent's license revoked. Respondent then appealed to the District Court from the order of revocation and upon such appeal the District Court entered judgment directing that the license of respondent be reinstated.

The question presented is solely one of statutory construction. The applicable statutes are Sections 39–06–31, 39–06–32, 39–06–34 and 39–06–39 NDCC. They read as follows:

"Section 39–06–31. The commissioner shall revoke forthwith the license of

any operator upon receiving a record of such operator's conviction of any of the following offenses, when such conviction has become final:

"1. Manslaughter or negligent homicide resulting from operation of a motor vehicle;

"2. Any felony in the commission of which a motor vehicle is used;

"3. Failure to stop and render aid as required under the laws of this state in the event of a motor vehicle accident resulting in the death or personal injury of another;

"4. Perjury or the making of a false affidavit or statement under oath to the commissioner under this chapter or under any other law relating to the ownership or operation of motor vehicles; or

"5. Conviction, or forfeiture of bail not vacated, upon two charges of driving a motor vehicle while under the influence of intoxicating liquor or a drug, or reckless driving, or aggravated reckless driving, committed within a period of eighteen months."

"Section 39-06-32. The commmissioner may suspend the license of an operator without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

"1. Has committed an offense for which mandatory revocation of license is required upon conviction;

"2. Has been convicted of serious offenses against traffic regulations governing the movement of vehicles with such frequency as to indicate a disrespect for traffic laws and a disregard for the safety of other persons on the highways;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is incompetent to drive a motor vehicle;

"5. Has permitted an unlawful or fraudulent use of his license;

"6. Has committed an offense in another state which if committed in this state would be grounds for suspension or revocation; or

"7. Has been convicted of driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle."

"Section 39-06-34. In addition to other powers set forth in this chapter, the commissioner having good cause to believe that a licensed operator is incompetent or otherwise not qualified to be licensed, may upon written notice of at least five days to the licensee require him to submit to such physical, mental, or driver's examination as may be deemed necessary. Upon the conclusion of such examination the commissioner shall take action as may be appropriate and may suspend or revoke the license of such person or permit him to retain his license, or may issue a license subject to restrictions as permitted under section 39-06-17. Refusal or neglect of the licensee to submit to such examination shall be ground for suspension or revocation of his license."

"Section 39-06-39. Any person denied a license or whose license has been canceled, suspended, or revoked by the commissioner under the provisions of this chapter, except where such cancellation or revocation is mandatory, may within thirty days after the determination by the commissioner, file a

petition for a hearing of the matter in the district court in the county in which such person shall reside or in the county in which the administrative hearing was held. It shall be the duty of the court to set the matter for hearing, and the petitioner shall give thirty days written notice thereof to the commissioner. Thereupon the court shall take testimony and examine into the facts of the case and determine anew whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this chapter. The decision of the district court may be appealed to the supreme court by either the petitioner or the commissioner, in which event the supreme court shall hear and determine the matter de novo upon the record of the proceedings had in the district court.

"The foregoing provisions of this section shall be legibly printed or stamped upon the notice given to the applicant or licensee informing him of the action taken by the commissioner."

Section 39–06–31, supra, which lists the grounds for the mandatory revocation of a motor vehicle operator's license, mentions only convictions of crimes which are related in some way to the operation of a motor vehicle.

Section 39–06–32, sets forth the grounds upon which an operator's license may be suspended without a hearing. Respondent's license was suspended under subsection (4) of this section, that is to say: upon the ground that he was incompetent to drive a motor vehicle.

Section 39–06–34, supra, authorizes the commissioner to require an operator, who he believes is incompetent, to take a driver's examination and, upon completion of the test, authorizes the commissioner to take appropriate action, by suspending or revoking the license or by permitting the operator to retain his license either without restrictions or upon a restricted basis.

Section 39–06–39, supra, grants a right of appeal from the commissioner's decision in every case where a license is denied, and in all cases of suspension or revocation of licenses, except where such cancellation is mandatory.

We are satisfied that the language "where such cancellation is mandatory" contained in Section 39–06–39 refers to the mandatory grounds for cancellation contained in Section 39–06–31. These grounds relate solely to convictions of crimes, or in other words to cases where the existence of the facts declared to be a ground for revocation has been established by a court of competent jurisdiction. Thus, to deny the right of appeal in such a case, does not deny to an operator the right to have a judicial determination of the facts upon which the revocation of his license is based.

In cases, however, where the Highway Commissioner, is required to evaluate evidence and make a first instance determination of the existence of facts constituting a ground for revocation, a right of appeal is granted in order that operators may have a judicial determination of the existence of grounds sufficient to cancel their licenses.

In our opinion therefore an appeal lies from an order of the Highway Commissioner cancelling an operator's license upon the ground of incompetency to drive a motor vehicle. We therefore hold that the trial judge had jurisdiction of the appeal from the Highway Commissioner's order.

Since the correctness of the trial court's disposition of the case, if it had jurisdiction, is not challenged, the judgment of the District Court is affirmed.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.